# IN THE COURT OF APPEALS OF IOWA

No. 20-1567
Filed July 21, 2021

**IN THE INTEREST OF L.R. and D.R.,**
**Minor Children,**

**K.R., Father,**
 Appellant.

_____

 Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

 A father appeals the court order terminating his parental rights. **AFFIRMED.**

 Tyler Phelan of Borseth Law Office, Altoona, for appellant father.

 Thomas J. Miller, Attorney General, and Natalie A. Deerr, Assistant Attorney General, for appellee State.

 Karl Wolle, Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.

 Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A father appeals the court order terminating his parental rights. We find there is clear and convincing evidence in the record to support termination of the father's parental rights. We also find termination of his rights is in the children's best interests. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

K.R., father,[1] and S.B., mother,[2] are the parents of L.R., born in 2016, and D.R., born in 2017. The father assaulted the mother and the children's half-sibling, C.J., in the presence of the children. The father pled guilty to domestic abuse assault and child endangerment. A criminal no-contact order prohibited the father from having contact with the mother and C.J. Despite the order, the mother permitted the father to supervise the children. The children were removed from the parents' custody on May 6, 2019. The children were subsequently returned to the mother's custody in July but were removed again on August 22, when the parents admitted they had been violating the no-contact order.

The children were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(b) and (c)(2) (2019). The district court found, "[The children] both display difficult behaviors, including aggression towards other people and animals." The children attend therapy to address their behavioral

---

[1] The father declined to take paternity tests, so it is unknown whether he is the children's biological father. For purposes of this opinion, we refer to him as the father of the children, as he is the putative father to both children.

[2] The mother's parental rights have been terminated. She has not appealed the termination.

issues. They have been placed in separate foster homes due to aggression against each other.

The father has a history of mental illness and has been diagnosed with schizophrenia. He has only met with a therapist three times since the children were removed, with only one of those appointments occurring in the 2020 calendar year. He does not take his medications as prescribed for his condition, as the father reported only taking his mental-health medications as needed.[3] Further, his last medication appointment was in 2019. While the father completed the Iowa domestic abuse program, he minimized the abuse he committed. He reported only one isolated incident of domestic abuse, while the mother testified there had been numerous instances during her relationship with the father. He continued to report the injuries to C.J. were accidental, despite his plea to child endangerment.

Additionally, there was a founded assessment showing the father had sexually abused another half-sibling, R.M. There was no evidence the father addressed this issue during therapy. The district court noted that the father provided unnecessary baths to the children during his visits and, while on a Zoom call with the children, he used the bathroom with the camera facing towards him. The father had minimal participation in services.

On June 22, 2020, the State filed a petition seeking termination of the parents' rights. The father's rights to L.R. were terminated under section 232.116(1)(d) (2020). The father's rights to D.R. were terminated under section 232.116(1)(d) and (h). The court found termination of the father's parental rights

---

[3] The therapist informed DHS he did not instruct the father to take his medication only when the father believed he needed the same.

was in the children's best interests. The court also found none of the exceptions to termination found in section 232.116(3) should be applied. The father appeals the termination of his parental rights.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III. Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support termination of his parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We address the termination of the father's parental rights under section 232.116(1)(d).[4]

---

[4] Section 232.116(1)(d) applies when the court finds:
> (1) The court has previously adjudicated the child to be a [CINA] after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a [CINA] after such a finding.

The father does not dispute there was a CINA adjudication for the children and he was offered services to correct the situation leading to the abuse or neglect of the children. *See* Iowa Code § 232.116(1)(d)(1), (2). He claims, however, that the State has not adequately shown that the circumstances that led to the CINA adjudication continue despite the offer or receipt of services. *See id.* § 232.116(1)(d)(1). He asserts that he has sufficiently addressed the concerns about his mental health and domestic violence.

The circumstances that led to the CINA adjudication continue to exist, despite the offered services. The children's half-sibling, C.J., was physically abused by the father, and he pled guilty to child endangerment as a result. The father has not fully addressed his problems with domestic violence. He downplayed the extent of domestic violence in his relationship with the mother, stating there was only one incident and the assault of C.J. was accidental. The mother, however, stated there were multiple instances of domestic violence in the parents' relationship. Additionally, there was a founded report that the father had sexually abused another half-sibling, R.M. There was no evidence to show the father had addressed this issue.

We conclude the grounds for termination under section 232.116(1)(d) were properly met.

---

(2) Subsequent to the [CINA] adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

## IV.     Best Interests

The father claims termination of his parental rights is not in the children's best interests.  He states he has addressed his mental-health and domestic-violence concerns.  He also states as the children's father, he is in the best position to meet their long-term needs.

In considering children's best interests, we give "primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional needs of the child[ren] under section 232.116(2)."  *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *Id.*

The two children involved have significant challenges.  They are separated from each other due to the aggressive behaviors that arise when they are together—toward each other, other children, and animals.  The district court found:

> Further, children need a long-term commitment from a parent to be appropriately nurtured, supportive of their growth and development, and who can meet their physical, mental, emotional, and safety needs.  No parent has demonstrated they are willing or able to fulfill this parental role.  Despite 18 months of services, the children do not have parents that have demonstrated the ability to meet their extensive mental and physical health needs. . . .  [The father] is not managing his mental health needs appropriately and still needs to meaningfully address domestic violence and sexual abuse.  [The father] lacks the parenting ability to provide for his [children] at this time.

We agree with the court's findings.  We conclude that termination of the father's parental rights is in the children's best interests.  We affirm the district court's decision.

**AFFIRMED.**